UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Aldo Enamorado-Ramirez, | ) | C/A No.: 6:10-cv-70160-GRA |
|---|---|---|
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| United States of America, | ) | |
| Respondent, | ) | |

This matter comes before the Court on Petitioner's March 11, 2010 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Motion").[1] Out of an abundance of caution, the Court VACATES and REINSTATES Petitioner's sentence in order to allow Petitioner to file a direct appeal.

## **BACKGROUND**

On February 25, 2009, Petitioner, represented by Margaret A. Chamberlain, pled guilty to one count of possession with intent to distribute cocaine. On August 18, 2009, Petitioner was sentenced to seventy months imprisonment followed by five years of supervised release. Petitioner did not file a direct appeal. On March 11, 2010, Petitioner filed the instant § 2255 Motion alleging ineffective assistance of counsel.

---

[1] This case was originally filed under Petitioner's criminal case number, Cr. No. 6:09-cr-00064-WMC.

1

**DISCUSSION**

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard that those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

Petitioner asserts one ground in support of his § 2255 Motion: ineffective assistance of counsel. Petitioner claims that, contrary to his express direction, his counsel failed to submit a direct appeal of his sentence.

"[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). The purpose of this requirement is to ensure each criminal defendant receives a fair trial. *Strickland*, 466 U.S. at 686. Petitioner must show two things to evince ineffective assistance of counsel: (1) attorney error-that the attorney's representation fell below an objective standard of reasonableness; and (2) prejudice-"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner contends that his trial counsel did not file a timely notice of appeal as he allegedly requested. In an abundance of caution, this Court will assume that Petitioner requested an appeal. It is clear that this alleged omittance would be

ineffective assistance of counsel. *See United States v. Peak*, 992 F.2d 39 (4th Cir. 1993). However, this Court has the authority to vacate the sentence and immediately reimpose and reinstate Petitioner's judgment of conviction. *Id.* at 42. This action will allow Petitioner to make a timely appeal pursuant to Federal Rules of Appellate Procedure 4(b) & (c). *See id.*

IT IS THEREFORE ORDERED that Petitioner's sentence be VACATED and his judgement of conviction be IMMEDIATELY REIMPOSED and REINSTATED, with the same date of imposition of judgment, so that he can file a timely appeal.

IT IS FURTHER ORDERED that Petitioner's remaining claims be DISMISSED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

April  8 , 2010
Anderson, South Carolina

3